```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

```
_____
                               :
RODNEY BULL,                   :
                               :    Civil Action No. 08-1380 (SDW)
            Petitioner,        :
                               :
      v.                       :    OPINION
                               :
MIKE POWER, et. al.,           :
                               :
            Respondents.       :
_____:
```

**APPEARANCES:**

    RODNEY BULL, Petitioner Pro Se
    # 218004
    East Jersey State Prison
    Lock Bag R
    Rahway, New Jersey 07065

    MEREDITH L. BALO, ESQ.
    UNION COUNTY PROSECUTOR'S OFFICE
    32 Rahway Avenue
    Elizabeth, New Jersey 07202
    Counsel for Respondents

**WIGENTON**, District Judge

    This matter is before the Court on petitioner Rodney Bull's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For reasons discussed below, the petition will be dismissed as time-barred under 28 U.S.C. § 2244(d).

I.   PROCEDURAL BACKGROUND

Petitioner, Rodney Bull ("Bull"), was convicted by jury trial in the Superior Court of New Jersey, Law Division, Union County, on charges of aggravated assault, weapons charges, and terroristic threats.  Bull was sentenced on October 2, 1992, to an aggregate sentence of twenty-five years in prison with a ten-year parole disqualifier.  (Ra45-46).[1]

Bull filed a direct appeal from his conviction and sentence to the Superior Court of New Jersey, Appellate Division.  On July 11, 1995, the Appellate Division reversed for a new trial the conviction on Count Five, possession of a weapon for unlawful purposes, which was later vacated.  The Appellate Division affirmed the remainder of the conviction and sentence.  (Ra97-107).  The Supreme Court of New Jersey denied certification on November 6, 1995.  State v. Bull, 143 N.J. 320 (1995).  (Ra108).

Bull admits that he filed his first petition for post-conviction relief ("PCR") in state court on March 3, 1997.  The state PCR matter was heard and denied on February 23, 2001.  (Ra109).  The Appellate Division affirmed the state PCR court's

---

[1] "Ra" refers to the state court record submitted by respondents with the answer to the petition.

denial of relief on or about May 14, 2003.[2] (Ra110). The Supreme Court of New Jersey denied certification on September 4, 2003. (Ra126).

Bull filed a second state PCR petition on or about June 10, 2004. This second petition was denied on April 28, 2005. (Ra201). Bull appealed from denial of his second PCR petition, and the Appellate Division affirmed the PCR court's denial of Bull's state PCR petition on January 31, 2007, finding that the PCR petition was untimely and procedurally barred. (Ra291). The New Jersey Supreme Court denied certification on February 4, 2008.

Bull filed his federal habeas petition under 28 U.S.C. § 2254, on or about March 17, 2008. He submitted an amended petition on May 19, 2008. The State responded with the relevant state court record on January 14, 2009. Petitioner filed a reply on February 17, 2009.

## II.  STATEMENT OF CLAIMS

In his petition, Bull raises the following claims of error for habeas relief:

---

[2] In his brief in support of his habeas petition, Bull states that the Appellate Division affirmed on May 14, 2003, but the state court record provided by respondents show that the Appellate Division affirmed the PCR denial on May 2, 2003. (Ra110).

(1) Petitioner's Sixth Amendment right to confront his accuser was violated by the trial judge when he would not permit defense counsel to cross-examine witness Lane about her involvement in drug and sex trades.

(2) Petitioner was denied his constitutional right to effective assistance of counsel during trial and sentencing.

(3) Petitioner was denied his constitutional right to due process by prosecutorial misconduct during summation, when the prosecutor argued that petitioner's poverty was a motive for robbery and that petitioner waited to hear witnesses' testimony so he could tailor his story to counter the State's case against him.

In an amended petition, Bull added a fourth claim:

(4) Petitioner was denied due process and fair trial when trial judge erroneously instructed the jury with respect to the charge of simple assault.

The State filed a response asserting the affirmative defense that the petition is time-barred. The State also argues that petitioner's claims are without merit.

### III.   STATUTE OF LIMITATIONS ANALYSIS

The State argues that this habeas petition is untimely and should be dismissed pursuant to 28 U.S.C. § 2244(d). The

limitation period for a § 2254 habeas petition is set forth in § 2244(d),[3] which provides in pertinent part:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; ...
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

Thus, pursuant to § 2244(d), evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending."

A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court. See Swartz v. Meyers, 204 F.3d 417,

---

[3] Section 2244(d) became effective on April 24, 1996 when the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law. See Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998); Duarte v. Herschberger, 947 F. Supp. 146, 147 (D.N.J. 1996).

419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); U.S. Sup. Ct. R. 13.

Here, Bull's judgment of conviction was entered on October 2, 1992. He had appealed from the conviction and sentence, and the New Jersey Supreme Court denied certification on November 6, 1995. Thus, under § 2241(d)(1), direct review concluded, and Bull's judgment of conviction became final 90 days after November 6, 1995, or on February 6, 1996.[4] Thus, Bull had one year from February 6, 1996, or until February 6, 1997, to timely file his federal habeas petition.

However, by statute, the limitations period may be tolled during the time a properly filed application for state post-conviction relief is pending. 28 U.S.C. § 2244(d)(2). An application for state post-conviction relief is considered "pending" within the meaning of § 2244(d)(2), and the limitations period is statutorily tolled, from the time it is "properly filed,"[5] during the period between a lower state court's decision

---

[4] This Court notes that Count Five of the judgment of conviction was reversed and remanded on appeal, but the charge was vacated. Therefore, there is no change in this Court's determination of when Bull's judgment of conviction became final under 28 U.S.C. § 2244(d)(1).

[5] An application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and

and the filing of a notice of appeal to a higher court, Carey v. Saffold, 536 U.S. 214 (2002), and through the time in which an appeal could be filed, even if the appeal is never filed, Swartz v. Meyers, 204 F.3d at 420-24.  Nevertheless, "the time during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one year statute of limitations under 28 U.S.C. § 2244(d)(2)."  Stokes v. District Attorney of the County of Philadelphia, 247 F.3d 539, 542 (3d Cir.), cert. denied, 534 U.S. 959 (2001).

   Moreover, the limitations period of § 2244(d) may be subject to equitable tolling under limited circumstances.  Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.), cert. denied, 534 U.S. 944 (2001); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999); Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998).  "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been

---

office in which it must be lodged, and the requisite filing fee. In some jurisdictions the filing requirements also include, for example, preconditions imposed on particular abusive filers, or on all filers generally. But in common usage, the question whether an application has been "properly filed" is quite separate from the question whether the claims contained in the application are meritorious and free of procedural bar.  Artuz v. Bennett, 531 U.S. 4, 8-9 (2000) (footnotes and citations omitted).

pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 416-17 (2005). The Third Circuit instructs that equitable tolling is appropriate when "principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition *and* the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims." LaCava v. Kyler, 398 F.3d 271, 275-76 (3d Cir. 2005). Mere excusable neglect is not sufficient. Id.; Miller, 145 F.3d at 618-19; Jones, 195 F.3d at 159.

Extraordinary circumstances permitting equitable tolling have been found where: (1) the petitioner has been actively misled; (2) the petitioner has been prevented from asserting his rights in some extraordinary way; (3) the petitioner timely asserted his rights in the wrong forum, see Jones, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, see Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir.), cert. denied, 126 S.Ct. 473 (2005).[6] Even where extraordinary circumstances exist, however,

---

[6] The Third Circuit has expressly held that, in non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes are not the extraordinary circumstances necessary to establish equitable tolling. Johnson v. Hendricks, 314 F.3d

"[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." Brown v. Shannon, 322 F.3d 768, 773 (3d Cir.)(quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)), cert. denied, 539 U.S. 948 (2003).

In this case, Bull admits that he filed his first state PCR motion on March 3, 1997, almost a month after the one-year statute of limitations period had expired under 28 U.S.C. § 2244(d)(1), on February 6, 1997.  Therefore, because there was no pending state PCR petition on or before February 6, 1997, Bull cannot invoke statutory tolling under 28 U.S.C. § 2244(d)(2).

Bull also fails to provide any basis for equitable tolling. In response to the State's affirmative defense, Bull argues that there was a long delay between the date of his sentencing and his direct appeal.  Any delay during this period of time does not serve to affect the limitations period because the limitations period does not begin to run until after direct appeal has concluded.

---

159, 163 (3d Cir. 2002), cert. denied 538 U.S. 1022 (2003); Fahy, 240 F.3d at 244.

Further, Bull claims there was a delay in the appointment of counsel for his PCR petition after he filed his first petition on March 3, 1997. This delay in counsel does not serve to excuse the fact that the petition itself was untimely filed.

Thus, at best, it would appear that Bull is arguing that no time bar should apply because he properly pursued his rights in state court, and he should not be held to a strict application of § 2244(d) because he filed his first state PCR petition in good faith within the five-year time period allowed under state law. But this argument presumes that as long as a petitioner attempts to exhaust state-court remedies <u>prior to</u> initiating suit in federal court, then any state PCR application can serve to toll the limitations period, even if filed outside the one-year federal statute of limitations. A similar argument was declined by the Supreme Court in <u>Pace</u>. There, the Supreme Court observed that "a state prisoner could toll the statute of limitations at will simply by filing untimely state postconviction petitions. This would turn § 2244(d)(2) into a *de facto* extension mechanism, quite contrary to the purpose of AEDPA, and open the door to abusive delay." 544 U.S. at 413.

10

Therefore, while Bull's first state PCR petition was not untimely under state law, it was untimely under the federal statute of limitations for habeas actions. Consequently, Bull's state PCR petition did not serve to toll the limitations period under § 2244(d)(2).[7]

---

[7] Even if this Court were to find that the first state PCR was timely filed to toll the limitations period under § 2244(d)(2), the second PCR petition would not have tolled the statute of limitations period under § 2244(d)(2), because it was not timely filed under state law, which requires that such petitions be filed within five years after rendition of the judgment or sentence under challenge unless it alleges facts showing that the delay was due to defendant's excusable neglect. See N.J. Court R. 3:22-12.

The United States Supreme Court has held that where a state court has rejected a PCR petition as untimely, it is not "properly filed" for purposes of statutory tolling under 28 U.S.C. § 2244(d)(2). Pace v. Diguglielmo, 544 U.S. 408 (2005). "In common understanding, a petition filed after a time limit, and which does not fit within any exceptions to that limit, is no more 'properly filed' than a petition filed after a time limit that permits no exception." Pace, 544 U.S. at 413.

Thus, where a state court has rejected a state PCR petition as untimely, it was not "properly filed" and petitioner is not entitled to statutory tolling under § 2244(d)(2). This is so even where, in the alternative, the state court addresses the merits of the petition in addition to finding it untimely. Carey, 536 U.S. at 225-26 ("If the California Supreme Court had clearly ruled that Saffold's 4½ month delay was 'unreasonable,' that would be the end of the matter, regardless of whether it also addressed the merits of the claim, or whether its timeliness ruling was 'entangled' with the merits."); Brooks v. Walls, 301 F.3d 839, 841 (7th Cir. 2002)("both aspects of a dual-ground decision (substance and procedure) must be respected").

Here, Bull filed his second state PCR petition on June 10, 2004, more than five years after he was sentenced in state court

11

Moreover, this Court finds that Bull can not claim his ignorance of the law or his miscalculation of the statute of limitations to excuse his late habeas petition under equitable tolling.  Federal courts have consistently held that miscalculation of the time remaining on a limitations period does not constitute extraordinary circumstances to permit equitable tolling.  See Fahey, 240 F.3d at 244; see also Johnson v. Hendricks, 314 F.3d 159, 161, 163 (3d Cir. 2002), cert. denied, 538 U.S. 1022 (2003).  Furthermore, even if Bull was ignorant of the fact that his limitations period began to run on February 6, 1996, this ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.  Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999), cert. denied, 531 U.S. 1164 (2001).  Courts have been loathe to excuse late filings

---

on October 2, 1992.  Moreover, the Appellate Division ruled that Bull's second PCR petition was untimely under N.J.Civ.R. 3:22-12, as well as procedurally barred under N.J.Civ.R. 3:22-3, 3:22-4, and 3:22-5.  (Ra291-294).  Therefore, under Pace, since Bull's second PCR petition was not timely filed, the limitations period under § 2244(d)(2) was not tolled on June 10, 2004, and the limitations period in this case would have expired one year after the Supreme Court of New Jersey denied certification on Bull's first state PCR petition, on September 4, 2003.  Bull would have had one year from that date, or until September 4, 2004 to file his federal habeas petition.  Bull did not file this habeas petition until March 2008, almost four years later.

12

simply because a pro se prisoner misreads or misunderstands the law. Delaney v. Matesanz, 264 F.3d 7, 15 (1st Cir. 2001); see also Jones, 195 F.3d at 159-60.

Finally, Bull fails to show any extraordinary circumstances nor does he claim that he had been prevented from asserting his rights in some extraordinary way. Therefore, this Court will dismiss Bull's § 2254 habeas petition as time-barred under 28 U.S.C. § 2244(d).

### IV.   CERTIFICATE OF APPEALABILITY

The Court next must determine whether a certificate of appealability should issue. See Third Circuit Local Appellate Rule 22.2. The Court may issue a certificate of appealability only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies a habeas petition on procedural grounds without reaching the underlying constitutional claim, the prisoner must demonstrate that jurists of reason would find it debatable:  (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and

the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id. For the reasons discussed above, this § 2254 habeas petition is clearly time-barred.  The Court also is persuaded that reasonable jurists would not debate the correctness of this conclusion. Consequently, a certificate of appealability will not be issued.

## CONCLUSION

For the foregoing reasons, this Court finds that the petition for a writ of habeas corpus under 28 U.S.C. § 2254 is time-barred pursuant to 28 U.S.C. § 2244(d).  No certificate of appealability will issue pursuant to 28 U.S.C. § 2253(c)(2).  An appropriate order follows.


        S/Susan D. Wigenton
        SUSAN D. WIGENTON
        United States District Judge

DATED: September 9, 2009